**FILED**
2020 Sep-30  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| | ) ) | C O M P L A I N T |
| v. | ) ) | |
| | ) ) | JURY TRIAL DEMAND |
| SEALY MANAGEMENT COMPANY, INC. | ) ) | |
| Defendant. | ) ) ) ) | |

### NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Ashley Butts  who was adversely affected by such practices.

As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant, Sealy Management Company, Inc. ("Sealy" or "Defendant") discriminated against Ashley Butts ("Butts") by subjecting her to supervisor and co-worker harassment and retaliated against her after she complained of that harassment and filed an EEOC charge against Sealy.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Western Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Sealy Management Company, Inc. has continuously been doing business in the State of Alabama and Tuscaloosa County and has continuously had at least 15 employees.

5.      At all relevant times, Defendant, Sealy Management Company, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Butts filed a charge with the Commission alleging violations of Title VII by Sealy.

7.     On July 29, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.     On September 16, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.    Defendant, headquartered in Tuscaloosa, Alabama, is a property sales, rental, and management company organized and existing under the laws of Alabama.

12.    Defendant owns and manages apartments in Tuscaloosa, Birmingham, Huntsville and Mobile, Alabama, and in South Carolina, Mississippi, and Tennessee.

### COUNT ONE:
### (Sex Discrimination)

13.    Since at least December 2017, Defendant has engaged in unlawful employment practices at its Turtle Lake location in Tuscaloosa, Alabama in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Butts to discrimination on the basis of sex.

14.     In or around March 2016 Butts was hired as a Leasing Agent at Sealy's Bent Tree location in Tuscaloosa, Alabama. She was promoted to Assistant Manager at the Bent Tree location in February 2017 and in April 2017 was transferred to Respondent's Turtle Lake location in Tuscaloosa, Alabama, as an Assistant Manager.

15.     At Turtle Lake she was supervised by Community Manager Ryan Pope and Regional Manager Marilyn Hare and worked with, among others, Maintenance Technician Antonio Davis. Sealy's President is Patrick Kennedy.

16.     On or about December 17, 2017, Butts became aware that Davis and Pope were spreading sexually explicit rumors and comments about her. Specifically, Butts became aware that Davis and Pope were telling co-workers, residents, and vendors in the workplace  that Butts had been promoted to Assistant Manager because she slept with Kennedy.

17.     On numerous occasions, Butts told Pope and Davis the rumors were false, unwelcome, and asked them to stop spreading such malicious rumors.

18.     Pope and Davis did not stop. In fact, from December of 2017 until the fall of 2018, Butts estimates that she heard about the sexually explicit rumors 40-50 times.

19.     From April 2018 through August 2018, Butts repeatedly complained to Sealy management about Pope and Davis spreading the rumors but Sealy took no action and the harassment continued.

20.     On or about August 14, 2018, Hare came to the apartment complex to meet with Butts. During that meeting, Butts again attempted to address her sexual harassment complaints against Davis and Pope with Hare. Hare refused to listen and repeatedly told Butts to drop it or "let it go," Butts' complaint was "so petty" and "ridiculous" and "there is nothing" she could do about rumors.

21.     The next day Hare again met with Butts and gave her a written disciplinary action and a three-day suspension for "insubordination" toward Hare the previous day. The suspension was unjustified and was in fact given to Butts because she complained about the sexual harassment.

22.     Sealy failed to investigate Butts' complaints and the harassment continued.

23.     In very early October 2018, Butts called Kennedy to complain about the sexual rumors being spread about her. She told him Pope and Davis were spreading vicious sexual rumors about her and Hare was treating it like it was "high school."

24.     Sealy failed to take any action and the harassment continued.

25.     Later in October 2018, Sealy management went to Turtle Lake and interviewed Butts, Pope, and Davis about Butts' sexual harassment complaints. The "investigation" was grossly inadequate, but at the conclusion of the "investigation" management told Davis and Pope there was an unprofessional atmosphere there which needed to stop. Neither Davis or Pope were disciplined, and Sealy did not document its "investigation" or make any report to higher management or to Kennedy.

26.     Sealy failed to properly investigate, took no action, or no effective action, and the harassment continued.

27.     The harassment greatly affected Butts professionally and emotionally. Butts continued to hear from vendors and residents that Davis and Pope were spreading the rumors and became very self-conscious in her interactions with the residents, vendors, and co-workers for that reason.

28.     Beginning in May 2018 Butts began seeing a therapist due to the effects of the sexual harassment she was experiencing. She continued to see a therapist through at least April 2019 until she could no longer afford it.

29.    Upon the advice of her therapist Butts applied for and received FMLA leave to run from February 1, 2019 to April 1, 2019 due to the effects of the sexual harassment she was experiencing.

30.    On or about February 4, 2019, Butts filed an EEOC charge alleging Sealy was subjecting her to sexual harassment and had retaliated against her when she complained about it.

31.    Butts attempted to return to work on April 1, 2019. Two hours later, Sealy management arrived at the property and put Butts on unpaid administrative leave for an alleged violation of company policy.

32.    In fact, Butts did not violate company policy and the reason given was false and a pretext to cover up retaliation against Butts.

33.    On or about May 1, 2019, Butts informed Sealy that, based on her medical provider's recommendation, she would not be returning to Turtle Lake in any capacity and was resigning.

34.    On May 30, 2019, thirty days after Butts' resignation, Sealy informed Butts  that it was recording her employment separation as termination for violation of company rules effective May 1, 2019.

35.    Sealy recharacterized and mischaracterized Butts' resignation as a termination in further retaliation for her filing of an EEOC charge against Sealy.

36.    The effect of the practices complained of in Paragraphs thirteen (13) through thirty-five (35) above has been to deprive Butts of equal employment opportunities because of her sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

## COUNT TWO
### (Retaliation)

37.     Plaintiff realleges and incorporates by reference Paragraphs one (1) through thirty-six (36) above.

38.     Since at least August 2018 Defendant has engaged in unlawful employment practices in Tuscaloosa, Alabama, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

39.     On or about August 15, 2018 Defendant engaged in unlawful employment practices by disciplining and suspending Butts in retaliation for her complaints of sexual harassment.

40.     On or about April 1, 2019, Sealy retaliated against Butts for her complaints of sexual harassment and for filing an EEOC charge against Sealy by placing her on unpaid administrative leave.

41.     On or about May 30, 2019, Sealy retaliated against Butts for her complaints of sexual harassment and for filing an EEOC charge against Sealy by recharacterizing and mischaracterizing her resignation as a termination.

## ADDITIONAL ALLEGATIONS

42.     The unlawful employment practices complained of in Paragraphs thirteen (13) through forty-one (41) were and are intentional.

43.     The unlawful employment practices complained of in Paragraphs thirteen (13) through forty-one (41) were done with malice or with reckless indifference to the federally protected rights of Butts.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

employment practices that discriminate on the basis of sex and from retaliating against individuals for engaging in protected activity.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Ashley Butts, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited front pay and/or reinstatement.

D.      Order Defendant to make whole Ashley Butts, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs thirteen (13) through forty-three (43) above, in amounts to be determined at trial.

E.      Order Defendant to make whole Ashley Butts, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs thirteen (13) through forty-three (43) above, in amounts to be determined at trial.

F.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in Paragraphs thirteen (13) through forty-three (43) above,   in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

SHARON  FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MARSHA L. RUCKER
Regional Attorney
PA Bar No. 90041
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone:  (205) 651-7045
Facsimile:  (205) 212-2041