IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 7:20-cv-01505-LSC |
| SEALY MANAGEMENT COMPANY, INC. | ) ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

### I. RECITALS

On September 30, 2020, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this civil action against Defendant Sealy Management Company, Inc. ("Defendant" or "Sealy"), alleging that Defendant has engaged in unlawful employment practices at its Turtle Lake location in Birmingham, Alabama, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1); 2000e-3(a). In its Complaint, the Commission alleged that, since at least December of 2017, Defendant subjected Ashley Butts to supervisor and co-worker harassment and retaliated against her after she had complained of said harassment and filed a charge with the Commission. Defendant denies the allegations contained in the Complaint and maintains it has provided equal employment opportunities for all employees and has complied with Title VII of the Civil Rights Act of 1964 as amended and denies that Ashley Butts was subjected to harassment in violation of Title VII and further denies that she was retaliated against

for any such complaint or for filing a charge with the Commission. Defendant further asserts that it maintains policies and practices that strictly prohibit its employees from engaging in sexual harassment or retaliation. Defendant enters into this Decree to avoid the disruption, costs, delay, and expense of litigation. Nothing in this Decree shall be construed to constitute a finding that Defendant engaged in any unlawful employment practices.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree that will effectuate the purposes of Title VII and promote equal employment opportunity.

In the interest of resolving this matter and avoiding the expense of further litigation, the EEOC and Defendant ("the Parties") hereby stipulate and agree that this action shall be finally resolved by entry of this Consent Decree ("Decree").

This Decree does not constitute a finding on the merits of the case. The EEOC and Defendant have consented to the entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to a compromise of this action have been made between the parties, other than those recited or referenced in this Decree.

In the event this Decree is not approved or does not become final, the Commission and Defendant agree that it will not be admissible as evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** this Decree and **FINDS**:

   a. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

   b. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of Title VII and appears to be in the best interest of the parties and the public.

   c. This Decree is entered into by the EEOC and Defendant. This Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with it.

   d. The EEOC and Defendant do hereby agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 7:20-cv-01505-LSC.

Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## II. JURISDICTION

1.  The parties stipulate that the United States District Court for the Northern District of Alabama, Western Division, has jurisdiction over the Parties and the subject matter of this litigation. The Court shall retain jurisdiction over this case in order to enforce the terms of this Decree.

2.  No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the EEOC to seek enforcement in the event Defendant breaches any of the terms of this Decree without cure as provided for in Article XI herein.

## III. SCOPE AND DURATION OF DECREE

3.  This Consent Decree resolves all issues and claims arising out of EEOC Charge No. 420-2019-00134 and the Commission's Complaint in Civil Action No. 7:20-cv-01505-LSC. This Consent Decree shall not be considered dispositive of any other matters which are or may be pending before any office of the Commission. Nothing in the Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any other charge of discrimination filed against Defendant.

4.  This Consent Decree applies to all of Defendant's facilities.

5.  The provisions of this Consent Decree are effective immediately upon the date that the Decree is entered by the Court (the "Effective Date") and shall be binding upon the Parties to this lawsuit for two years after the Effective Date of this Decree.

6.  The Commission and Defendant agree that this Consent Decree shall not be admissible as evidence in any subsequent proceeding except for proceedings to enforce the terms herein.

## IV. INJUNCTIVE RELIEF

7. Defendant and its supervisors, managers, officers, directors and successors (collectively "Defendant") are enjoined from discriminating against any employee because of their sex, including, but not limited to, supervisor and coworker harassment in violation of Title VII.

8. Defendant is enjoined from permitting a work environment that includes harassment or other discrimination against employees on the basis of sex in violation of Title VII.

9. Defendant is enjoined from retaliating in any way against any person because that person has opposed any practice made unlawful under Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding or hearing under Title VII, or asserted any rights or received any benefits under this Decree in violation of Title VII.

## V. RELIEF FOR THE CHARGING PARTY

10. **Monetary Relief:** Defendant shall pay monetary relief in the gross amount of $88,785.39 to Charging Party Ashley Butts.

    a. Defendant will pay Twenty-Three Thousand Seven Hundred Eighty-Five dollars and Thirty-Nine cents ($23,785.39) less deductions for applicable federal, state and local income and employment taxes and other lawful deductions, for alleged and disputed lost wages. Defendant will provide Butts with an IRS W-2 for this amount.

    b. Defendant will pay Sixty-Five Thousand dollars ($65,000.00) for alleged and disputed non-wage compensatory damages. Defendant will provide Butts with an IRS Form 1099 Misc. for this amount.

11. Within thirty (30) calendar days of the entry of the Consent Decree, payment in full of the amounts in Paragraphs 10(a) and 10(b) shall be made by checks payable to Ashley Butts. The

checks shall be mailed to the address provided by the EEOC. Defendant will issue the applicable United States Internal Revenue Service forms to Butts no later than February 1, 2022.

12. Defendant shall mail a photocopy of the checks to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, at the time the checks are sent to Butts.

13. **Non-Monetary Relief:** Defendant shall provide the following non-monetary relief:

   a. Provide Ashley Butts a non-dated neutral letter of reference that bears the signature of a member of management. The letter of reference shall be sent to Ashley Butts in PDF form to an email address or address to be provided by the Commission.

   b. Defendant shall segregate into a confidential file, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order) any and all documents, information, references, and all facts or matters underlying or related to the EEOC Charge filed by Ashley Butts (420-2019-00134) and this lawsuit.

   c. Defendant shall be enjoined from providing negative, derogatory, or otherwise unfavorable information about Ashley Butts that relates to her character, reputation, conduct, and performance while employed with Defendant. In the event Defendant receives any request for information, whether verbal or written, from prospective employers, Defendant shall inform such prospective employers that its practice is to provide only the dates of an individual's employment, the position held by that individual, and, if requested by Ashley Butts, the requesting individual's final pay rate while employed by Defendant.

   d. Defendant shall expunge Ashley Butts's personnel file of all documents which led to her receiving disciplinary action on August 15, 2018, and termination on May 1, 2019.

Defendant also shall eliminate all documents and entries relating to the facts and circumstances which led to the filing of Ashley Butts's charge with the Commission from her personnel record. Defendant shall further prohibit any dissemination, directly or indirectly, to any other prospective employer, of any facts or circumstances relating to the filing and resolution of the charge filed with the Commission.

## VI. ANTI-DISCRIMINATION POLICY

14. Within sixty (60) days of the entry of this Decree, Defendant will review its existing policies and procedures and develop and implement new and/or revised written policies and procedures (collectively referred to as "Policy"), as may be necessary to ensure equal employment opportunities are afforded to all employees regardless of sex.

15. The written Equal Employment Opportunity ("EEO") Policy must be written to be easily understandable to a lay person and include at a minimum:

    a. A strong and clear commitment to preventing unlawful discrimination in the workplace, including harassment;

    b. A strong and clear statement that discrimination based on sex is prohibited discrimination under Title VII and that all employees will be provided equal employment opportunities regardless of sex;

    c. A clear and strong encouragement of persons who believe that they or others have been discriminated against to report such concerns;

    d. A clear and strong statement that retaliation for reporting discrimination is prohibited and subject to disciplinary action up to and including discharge;

e.  A clear explanation of the steps an employee can take to report discrimination or retaliation, which must include the options of either an oral or written complaint in the language of the employee's choosing;

f.  A clear explanation of the steps a supervisor, manager, or staff member in Human Resources must take when receiving a report of discrimination or retaliation, which must include escalating the complaint to the attention of the Human Resources Director;

g.  A clear statement that EEO compliance will be a component in training for all managerial and supervisory positions;

h.  An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by an investigator trained in receiving, processing, and investigating allegations of discrimination;

i.  A statement that an investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding whether discrimination or a violation of the Policy occurred; (c) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (d) a review of all documents which might shed light on the allegation, where such exist; (e) contemporaneous notes of the investigation and conclusions; and (f) contemporaneous notes of all corrective and remedial measures where discrimination is found;

j.  A policy that Defendant shall not retain documents related to the investigation in any of the complainants' personnel files. These documents, instead, must be retained in a

separate secure location. All disciplinary actions taken against employees for violation of Defendant's Policy will be retained in the violator's personnel file.

k.  An assurance that, in the event a violation of the policy is found appropriate, corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

l.  A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's Policy;

m.  An assurance of the maximum feasible confidentiality for persons who report potential discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

n.  An assurance of non-retaliation for persons who report potential discrimination and/or retaliation, and for witnesses who provide statements and/or assistance in the investigation(s) of such potential discrimination and/or retaliation; and

o.  An assurance that each time its Policy is updated or revised, Defendant shall disseminate it to all employees with the date of the new policy.

16. Within thirty (30) days after completion of the policy review required under Paragraphs 14 and 15 above, Defendant shall post the Policy on its employee intranet ADP Portal.

17. Within thirty (30) days after completion of the policy review required under Paragraphs 14 and 15 above, Defendant will distribute a copy of the Policy to all current employees and will provide a copy of the new policy to newly hired employees within ten (10) days of hire. Defendant shall make the Policy available in alternative formats as necessary for persons with literacy or language barriers that may prevent them from reading the policies.

9

18. Within thirty (30) days after completion of the policy review required under Paragraphs 14 and 15 above, Defendant shall post (and keep posted) the Policy in a prominent location at each of Defendant's facilities that is customarily used for displaying communications to employees.

19. Within thirty (30) days after completion of the policy review required under Paragraphs 14 and 15 above, Defendant shall forward a copy of all EEO policies to the Commission and certify that the Policy has been posted and distributed.

## VII. TRAINING

20. Defendant shall provide annual training on employment discrimination and retaliation to all of its employees. The initial training will be scheduled and conducted within sixty (60) days after the entry of this Decree. The training program will include the following information: (a) a detailed agenda; (b) curriculum vitae for the individuals who will conduct and/or develop the training; and (c) training materials.

21. Defendant shall advise all staff in writing that the annual training program is mandatory for all employees. The annual training program shall last two hours and shall include the following:

   a. Instruction on the requirements of Title VII of the Civil Rights Act of 1964, as amended, including co-worker and supervisor sexual harassment;

   b. An in-depth discussion of discrimination, including what constitutes sex discrimination under Title VII, and including an emphasis on sexual harassment as sex discrimination;

   c. A discussion of retaliation, including what constitutes retaliation under Title VII;

   d. A discussion of an employer's record-keeping obligations under Title VII (directed to management employees, human resource employees, and trainers);

e. Instruction on any policies related to this Consent Decree, including but not limited to Defendant's Anti-Discrimination Policy and Equal Employment Opportunity Policy;

f. A discussion of Defendant's Policy prohibiting discrimination and retaliation, including procedures and responsibilities for accepting, reporting, investigating and remedying discrimination and retaliation, and for management employees investigating and resolving complaints of discrimination.

22. **Managerial and Supervisory Employees:** Within sixty (60) days of the effective date of this Consent Decree, Defendant will provide an additional one hour of training on antidiscrimination laws to all supervisors, managers, officers, and directors. This additional training shall:

a. Include clear and detailed instructions on how to investigate harassment and retaliation complaints;

b. Include clear instructions on how to document investigations of harassment and retaliation;

c. Include clear guidance on how to prevent employees who report, witness, or otherwise participate in an investigation or opposition of harassment from retaliation by coworkers or supervisors;

d. Explain that any evaluation of a supervisory employee will consider, among other things, their enforcement of Defendant's anti-harassment policies; and

e. Explain that any supervisory employee who violates Defendant's policies against discrimination will be subject to discipline, up to and including discharge.

23. Defendant shall provide this managerial and supervisory training annually described in Paragraph 22 above for the duration of this Consent Decree. In addition, this training will be provided to each employee promoted or hired in a supervisory or managerial position within thirty (30) days of change in status.

24. **Human Resource Employees:** Defendant will require all individuals who work in a human resource capacity to receive an additional two (2) hours of training annually regarding Title VII of the Civil Rights Act and other federal anti-discrimination laws. Any employee newly hired or promoted into a human resource position shall complete the training within thirty (30) days of being hired or promoted into a human resource position. This training shall include:

   a. a discussion of sexual harassment and retaliation, including what constitutes unlawful harassment and retaliation under federal law;

   b. proper methods of receiving and communicating complaints of discrimination and retaliation;

   c. proper methods of investigating complaints of discrimination and retaliation:

   d. proper procedures for documenting and preserving evidence of discrimination and retaliation;

   e. proper procedures for archiving investigations of complaints of discrimination and retaliation; and

   f. proper methods for detailing the consequences and result of the investigation where discrimination or retaliation is found.

25. Defendant shall ensure that its President provides a statement, either pre-recorded or via video-conferencing, at the training session to inform participants of Defendant's EEO Policy, that

12

Defendant will not tolerate any discrimination or retaliation in the workplace, and of the consequences for discrimination or retaliation in the workplace.

26. Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirement in Paragraphs 21, 22, and 24 above.

27. Defendant agrees to provide to the Commission a signed roster of the list of attendees and their work locations for all training sessions with each report as set forth in Paragraph 30 below.

28. In addition, Defendant will provide the training described in Paragraphs 21 and 22 to all newly hired employees within twenty-one (21) days of the date of hire. Such training may be provided by video recording or remote means.

## VIII. RECORD KEEPING AND REPORTING

29. Defendant shall maintain all employment records as required by Section 709(c) of Title VII, 42 U.S.C. Section 2000e-8(c), and 29 C.F.R. § 1602.14. In order to demonstrate its compliance with the provisions of this Decree, Defendant will maintain for the duration of this Decree the following: 1) Personnel Files; 2) Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and 3) Complaints of retaliation and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken. At any time during the duration of this Decree, the Commission may request the opportunity to review all or a specified portion of the records.

30. Defendant shall provide a report to the Commission semi-annually during the term of this Decree (a total of four reports). Each semi-annual report must contain:

   a. a summary of all complaints of discrimination or retaliation recorded by Defendant pursuant to Paragraph 15 above or certification that there were no such complaints during the reporting period;

   b. a record of attendance of the training required by Paragraphs 21, 22, 24 and 28; and

   c. a certification by Defendant that the Notice Posting required by this Decree remained posted during the time period preceding the report.

31. The first semi-annual report shall be due six months after the entry of this Decree. Subsequent reports shall be due every six months thereafter during the term of this Decree, except that the final report shall cover a five-month period and shall be submitted thirty (30) days before expiration of the Decree.

## IX. NOTICE POSTING

32. Defendant shall post the Notice attached as **Exhibit A** in all of its facilities and on its employee intranet ADP Portal within ten (10) business days of entry of this Decree.

33. Defendant shall post Exhibit A in conspicuous places upon its premises where notices to employees are customarily posted within ten business days of entry of this Decree and keep Exhibit A posted for the duration of this Decree.

34. Defendant shall also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## X. MONITORING

35. The Commission shall have the right to monitor and review compliance with this Decree. Defendant shall cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

   a. review any and all training and documents that this Decree requires Defendant to create or maintain;

   b. interview employees (including, in the presence of Defendant's counsel, management employees); and

   c. inspect Defendant's premises upon three (3) days prior notice to Defendant's counsel.

## XI. DISPUTE RESOLUTION

36. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within 10 days, the complaining party may apply to the Court for appropriate relief. The term of the Decree shall automatically be extended during the pendency of any dispute under this Paragraph.

## XII. MISCELLANEOUS PROVISIONS

37. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant. At least twenty-one (21) days

15

prior to any sale or other transfer of Defendant's business or sale or other transfer of all or a substantial portion of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor, and shall contemporaneously notify the Commission of such sale or transfer.

38. Each of the parties shall bear its own costs, attorney fees, and expenses in this lawsuit and prosecution and defense of the Charge preceding it.

39. This Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

40. If the Court finds any provision of this Decree unlawful, the Court will sever only that provision, and the remainder of the Decree will remain in full force and effect.

41. When this Decree requires a certification by Defendant of any facts, that certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

42. When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the Commission, submissions shall be made to the attention of the Regional Attorney, Equal Employment Opportunity Commission, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

## XIII. SIGNATURES

The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this ___ day of _____, 2021.

BY THE COURT:

_____
U. S. DISTRICT COURT JUDGE

BY CONSENT:

**FOR PLAINTIFF**

Sharon Gustafson
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
General Counsel
131 M. Street NE
Washington, D.C. 20507

GWENDONLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____
Marsha Rucker
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Regional Attorney
1130 22nd Street South, Suite 2000
Birmingham, AL 35205

Date: 3/2/2021

**FOR DEFENDANT**

_____
AUTHORIZED REPRESENTATIVE
FOR SEALY MANAGEMENT
COMPANY, INC.

Charlie O. Sealy, Jr., Vice President
(Printed name)

Date: 2/26/2021

_____
ATTORNEY FOR DEFENDANT
SEALY MANAGEMENT
COMPANY, INC.

Thomas W. Scroggins
(Printed name)

Date: 3/1/2021

## EXHIBIT A - NOTICE TO ALL EMPLOYEES

Management of Sealy Management Company, Inc., wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. Sealy Management Company, Inc., seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate based upon the gender, race, or national origin of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Sealy Management Company, Inc., respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Sealy Management Company, Inc., reaffirms its commitment to complying with Title VII, in that it is our policy to prohibit all discrimination based on gender, race and national origin.

**Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000.**

In compliance with federal law, no official at Sealy Management Company, Inc., will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC.

This Notice shall remain posted for the term of 2 years.

Sealy Management Company, Inc.

By:_____     _____
                                  Date